IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRAVIS GENE ESTEP IRREVOCABLE TRUST, )<br>by Douglas Starnes, Trustee,                            )<br>                                                                        )<br>            Plaintiff,                                                )<br>                                                                        )<br>v.                                                                     )<br>                                                                        )<br>WIRELESS TOYZ FRANCHISE, LLC,            )<br>                                                                        )<br>            Defendant.                                            )<br>_____)  | Case No. CV 05-166-E-LMB<br><br>ORDER |

      Currently pending before the Court are Plaintiff's Motion to Amend Complaint (Docket No. 5), Plaintiff's Motion to Remand Case to State Court (Docket No. 6), and Defendant's Motion to Transfer Case and/or Dismiss (Docket No. 9).  In the interest of avoiding delay, and because the Court conclusively finds that the decisional process on the pending motions would not be significantly aided by oral argument, the Court will address and resolve the pending motions before it without a hearing.  Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Order.

**I.**

**BACKGROUND**

      On or about June 4, 2004, Plaintiff filed a Complaint in the Fifth Judicial District of the State of Idaho.  *Notice of Removal*, p. 1 (Docket No. 1).  Plaintiff filed an Amended Complaint

ORDER -1-

on March 16, 2005, alleging causes of action for breach of contract and negligence. *Id.* at ¶ 8 & Ex. A. On April 27, 2005 Defendant removed this action to federal court based on its assertion that the Court has jurisdiction pursuant to 28 U.S.C. § 1332 because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *Id*. at ¶ 6.

Defendant has not filed an answer to either of Plaintiff's complaints, but instead has filed a Motion to Transfer Case and/or Dismiss Under FRCP 12(b)(3) and 12(b)(5) (Docket No. 9). Plaintiff has filed a Motion to Amend Complaint (Docket No. 5) and a Motion to Remand Case to State Court (Docket No. 6). Because the Motion to Remand is based on Plaintiff's assertion that this Court lacks subject matter jurisdiction, the Court will first address whether it has jurisdiction to decide the pending motions.

## II.

## MOTION TO REMAND CASE TO STATE COURT

### A.      Standards of Law

Pursuant to 28 U.S.C. § 1332(a)(1), this Court has jurisdiction in civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003). When deciding whether this threshold is met, the Court may consider "facts presented in the removal petition as well as any summary [judgment-type] evidence relevant to the amount in controversy at the time of removal[;]" however, "[c]onclusory allegations as to the amount in controversy are insufficient."

ORDER -2-

*Id*. at 1090-91 (citation and internal quotation marks omitted).  "Where doubt regarding the right to removal exists, a case should be remanded to state court."  *Id*. at 1090.

     **B.**     **Federal Jurisdiction and Amount in Controversy**

In order to remove Plaintiff's Idaho state law civil action, Defendant must show *by a preponderance of the evidence*, that the amount in controversy exceeds $75,000.  *Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1116-17 (9th 2004); 28 U.S.C. §§ 1332(a), 1441(a).  Plaintiff's Amended Complaint does not attach a dollar figure to any of the requested damages, and Defendant has offered nothing other than conclusory allegations in its attempt to demonstrate that the requested damages amount to more than $75,000.

Defendant's removal papers assert that Plaintiff's damage claims—for recovery of compensatory damages, consequential damage for lost profits, lost business, lost business value, and loss of investment funds used to purchase equipment and fixtures—collectively "demonstrate that the amount in controversy is in excess of $75,000."  *Notice of Removal*, ¶ 9 (Docket No. 1).  Defendant also states that "it appears on the face of the existing pleadings that the amount in controversy exceeds the jurisdictional amount for diversity jurisdiction." *Defendant's Response to Motion to Remand*, p. 2 (Docket No. 7).  Defendant, however, has not provided any factual evidence supporting these statements and, therefore, has not established that it is "more likely than not" that the amount in controversy exceeds $75,000.[1]  *See, e.g., Valdez*, 372 F.3d at 1117 (citation and internal quotation marks omitted) (stating that "[i]nformation and belief hardly constitutes proof by a preponderance of the evidence"); *Gaus v.*

---

[1] The Court's independent review of the record reveals only one mention of a set amount that is potentially at issue.  The Franchise Agreement that is the subject of Plaintiff's claims lists the franchise fee paid by Plaintiff as $10,000.  *Mauk Affidavit*, Ex. B, p. 4 (Docket No. 8, Att. 1).  This amount alone is insufficient to meet the threshold requirement for the Court to exercise jurisdiction.

ORDER -3-

*Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (explaining that a conclusory allegation "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [a defendant's] burden of setting forth, in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds" the threshold amount). Because it has not been established that the amount in controversy meets the jurisdictional requirement, the Court concludes that it lacks jurisdiction over this action and grants Plaintiff's Motion to Remand. The remaining motions are now moot.

### III.

### ORDER

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's Motion to Remand Case to State Court (Docket No. 6) is GRANTED and this case is REMANDED to the District Court of the Fifth Judicial District of the State of Idaho, in and for the County of Twin Falls.

2. Plaintiff's Motion to Amend Complaint (Docket No. 5) is DENIED as moot.

3. Defendants' Motion to Transfer and/or Dismiss (Docket No. 9) is DENIED as moot.

DATED: **August 4, 2005**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

ORDER -4-